**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-4303 |
| | : | |
| **CITY OF PHILADELPHIA**, *et al.* | : | |

<u>**MEMORANDUM**</u>

**KEARNEY, J.**                                                                                                                         **October 5, 2021**

      Serial civil rights litigant Charles Talbert remains incarcerated in state prison awaiting trial in Philadelphia County on bank robbery charges following his January 2019 arrest. He maintains his innocence. The state court appointed experienced defense counsel to represent him. He now comes to federal court suing the arresting officers and detectives claiming they violated his civil rights when arresting him in January 2019 and shortly thereafter imposed excessive force upon him. He sues internal affairs investigators for a report disagreeing with his excessive force claims. He sues the City of Philadelphia and Mayor Kenney for supervisory liability. And he sues his present criminal defense counsel for ineffective assistance of counsel as he is also claiming in state court. Congress requires we screen an incarcerated person's claims to dismiss frivolous and wholly meritless allegations. Congress requires we dismiss facially frivolous claims filed after paying the filing fees with prejudice, but courts may dismiss without prejudice if later facts may cure the facially frivolous claim.

      We must dismiss Mr. Talbert's claims following this mandated screening. We dismiss his false arrest, false imprisonment, and excessive force claims with prejudice. We dismiss his malicious prosecution and ineffective assistance claims as unripe. We dismiss his civil conspiracy claim relating to the internal affairs investigation as time barred but without prejudice if he can plead facts tolling the statute of limitations.

I.      **Alleged *pro se* facts**

The incarcerated Charles Talbert returns with his latest case now suing the City of Philadelphia, Mayor James Kenney, Lieutenant Brad Lukach, Lieutenant John Anselmo, Detective Matthew Carey, Sergeant Dennis Johnson, Officer Tashon Jackson, Officer Vincent Figaniak, and his criminal defense lawyer Scott Sigman alleging various constitutional violations stemming from his January 2019 arrest for bank robbery and incident causing Mr. Talbert harm following his arrest and investigated by the police internal affairs.[1]

Someone robbed two banks in November and December 2018.[2] Philadelphia Detective Matthew Carey investigated these robberies.[3] Mr. Talbert, while in police custody in New Jersey under the influence of various illegal substances, made incriminating statements about the bank robberies.[4] Detective Carey obtained an arrest warrant to arrest Mr. Talbert in early January 2019 for these two robberies.[5] Officers Jackson and Figaniak arrested Mr. Talbert on January 8, 2019.[6] Following his arrest, "other individuals" transported Mr. Talbert to speak with the FBI.[7] Mr. Talbert spoke with Detective Carey as well as an unidentified FBI agent, who allegedly confirmed the police had no evidence or probable cause to prosecute Mr. Talbert for the bank robberies.[8] The unidentified FBI agent took possession of Mr. Talbert's phone and did not return it.[9]

Unidentified officers transported Mr. Talbert following the interrogation to the Philadelphia Police Department headquarters to be processed.[10] Mr. Talbert asked Sergeant Johnson to look into his missing phone on January 9, 2019.[11] Sergeant Johnson reportedly refused, and Mr. Talbert requested assistance from someone of higher rank.[12] This request made Sergeant Johnson "irate and frustrated" leading him to "slam[] and push[] [Mr. Talbert] aggressively up against a wall" on January 9, 2019 causing him to lose a tooth and then "raise[] up both of [Mr.

Talbert's] arms and wrists, aggressively, in an attempt to cause dislocation."[13] Medical professionals treated Mr. Talbert at Hahnemann University Hospital.[14]

Unidentified officers then transported Mr. Talbert to the Philadelphia Department of Prisons to await trial on the bank robbery charges where he allegedly continued to receive medical treatment after the January 9, 2019 incident with Sergeant Johnson.[15] Mr. Talbert requested an internal affairs investigation into Sergeant Johnson's conduct.[16] The City agreed to investigate. Lieutenants Anselmo and Lukach of the police's internal affairs investigated Sergeant Johnson's conduct towards Mr. Talbert.[17] They found Mr. Talbert's claims to be unsubstantiated.[18]

Mr. Talbert then turns away from the state actors and alleges his court-appointed criminal defense counsel in the ongoing case – Attorney Sigman –is ineffective.[19] Mr. Talbert alleges Mr. Sigman fails to obtain expert witnesses or investigators to challenge the Commonwealth's allegations, fails to investigate the case despite requesting a continuance to do so, and fails to communicate with Mr. Talbert.[20] The Commonwealth's criminal case against Mr. Talbert is ongoing. Mr. Talbert filed various motions in his criminal case, including a motion to dismiss the criminal charges, various "miscellaneous motions," and a "motion for removal of counsel."[21] The public record docket reflects the state court requested a continuance of its September 13, 2021 hearing indicating "defendant not brought down from state custody."[22] The "status" reflects "awaiting trial readiness conference," scheduled for March 16, 2022.[23] Attorney Sigman is listed as the attorney-of-record, and the Honorable Zachary C. Shaffer is the presiding judge.[24]

## II.    Analysis

Serial litigant and frequent incarcerated citizen Charles Talbert last week filed his latest lawsuit arising from another set of criminal charges. He again challenges state actors. Mr. Talbert alleges Detective Carey and Officers Jackson and Figniak violated his Fourth Amendment through

3

a "false arrest" in the ongoing prosecution.[25] Mr. Talbert alleges Sergeant Johnson violated his Fourth Amendment right to be free from excessive force in January 2019.[26] He alleges a civil conspiracy claim against Lieutenants Lukach and Anselmo for covering up Sergeant Johnson's conduct.[27] He sues the City and Mayor Kenney alleging they are liable for this underlying conduct by law enforcement under a supervisory liability theory.[28] And finally he alleges an ineffective assistance of counsel claim in the ongoing criminal prosecution against his court-appointed defense counsel Attorney Sigman.[29]

Congress requires we prescreen a complaint and dismiss an action filed by a prisoner, even if he pays the filing fees, seeking damages from a state actor if the action is frivolous, fails to state a claim for relief, or seeks monetary relief against the state actor immune from the requested relief.[30] Mr. Talbert is well familiar with the screening requirements under Section 1915(g) under which we barred him in April 2019 from filing complaints in this Court without paying fees unless he could show imminent risk of physical harm.[31]

He has now paid the fees in one case and claims to have paid the fee in this case, but he remains in prison and subject to the Prisoner Litigation Reform Act.[32] Congress requires us under the Prisoner Litigation Reform Act to screen all prisoner complaints whether filed as *in forma pauperis* or with fees.[33] Our dismissal under the Prisoner Litigation Reform Act is with prejudice when we find "bad faith, undue delay, prejudice or futility," but we grant leave to amend when a facially frivolous claim may be adequately plead on amendment.[34]

### A. We dismiss Mr. Talbert's claims against the state actors arising from his arrest and ongoing prosecution and alleged treatment in January 2019.

#### 1. Mr. Talbert's false arrest and imprisonment claim either lacks merit or is not ripe if liberally construed as a malicious prosecution claim.

Mr. Talbert alleges Detective Carey and Officers Jackson and Figaniak violated his Fourth Amendment rights through false arrest and false imprisonment in early January 2019. Mr. Talbert cannot state a claim for false arrest and false imprisonment because he swears his arrest occurred with a warrant, and thus, with legal process.[35] We may liberally construe Mr. Talbert's claims as seeking damages for malicious prosecution.[36]

While the essence of Mr. Talbert's claim is malicious prosecution, Mr. Talbert's underlying criminal case is still ongoing. "To prevail on his malicious prosecution claim under § 1983, [Mr. Talbert] must establish that '(1) the defendant[s] initiated a criminal proceeding; (2) the criminal proceeding ended in [his] favor; (3) the defendant[s] initiated the proceeding without probable cause; (4) the defendant[s] acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) [he] suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'"[37] Because the criminal case giving rise to Mr. Talbert's malicious prosecution claim is still ongoing, Mr. Talbert's claim for malicious prosecution is not ripe for adjudication.[38]

We dismiss Mr. Talbert's false imprisonment with prejudice, but Mr. Talbert is not precluded from bringing a claim for malicious prosecution following a decision in his favor in the criminal case.

#### 2. Mr. Talbert's excessive force claim is facially time-barred.

Mr. Talbert alleges Sergeant Johnson used excessive force causing him injury in violation of the Fourth Amendment. Mr. Talbert swears the incident occurred on January 9, 2019.[39]

5

Pennsylvania's two-year statute of limitations applies to Mr. Talbert's excessive force claim.[40] Mr. Talbert's claim is facially-time barred.

We dismiss Mr. Talbert's claim for excessive force filed last week against Sergeant Johnson with prejudice as there are no set of facts which would allow us to toll this statute of limitations for conduct which he knew occurred on January 9, 2019.

### 3. Mr. Talbert fails to state a claim against Mayor Kenney and the City.

Mr. Talbert seeks to hold Mayor Kenney and the City responsible for the actions of Detective Carey, Sergeant Johnson, and Officers Jackson and Figaniak in January 2019 under a "supervisory liability" claim. He alleges: "the City and [Mayor] Kenney have established and maintained a wide-spread practice of: allowing PPD employees to unconstitutionally seize and arrest Plaintiff and other individuals in Philadelphia . . . [and] allowing PPD employees to use unreasonable and excessive amounts of unconstitutional force against Plaintiff and other individuals in Philadelphia."[41] Mr. Talbert further alleges this practice is carried out by failing to train, supervise, and/or take corrective actions to stop the constitutional violations.[42]

Mr. Talbert's claim for malicious prosecution is not ripe. His claim for false arrest and false imprisonment fail as a matter of law because the officers obtained a warrant before arresting Mr. Talbert in connection with the bank robberies. His claim for excessive force fails as facially time barred. To the extent Mr. Talbert seeks to hold the City and Mayor Kenney liable for his alleged malicious prosecution, his claim against them is not yet ripe because his underlying criminal case has not been resolved. Mr. Talbert similarly cannot state a claim against the City or Mayor Kenney regarding the excessive force used because the claim is similarly time barred.[43]

Mr. Talbert fails to state a claim against Philadelphia or Mayor Kenney even if Mr. Talbert's claims are ripe or not time-barred. It is well established "a municipality is not liable for the unconstitutional acts of its employees just because of their employment, under a respondeat

6

superior theory . . . But it may be liable if a plaintiff 'demonstrate[s] that the violation of rights was caused by the municipality's policy or custom.'"[44] Mr. Talbert must allege the City's policies or customs caused a constitutional violation.[45] He must specify the policy or custom.[46] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict . . . Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."[47] Mr. Talbert must also allege proximate cause by demonstrating "an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges" by showing "knowledge of similar unlawful conduct in the past, ... failed to take precautions against future violations, and that [its] failure, at least in part, led to [his] injury.'"[48]

Mr. Talbert does not allege an official proclamation, policy, or edict, so he does not allege municipal liability based on a policy. Mr. Talbert alleges "a widespread practice of: A. allowing PPD employees to unconstitutionally seize and arrest Plaintiff and other individuals in Philadelphia and allowing PPD employees to use unreasonable and excessive amounts of unconstitutional force against Plaintiff and other individuals."[49] The allegations supporting the establishment of this widespread practice, include: (1) Mr. Talbert's "filed and settled" lawsuits against Philadelphia and the police department for the same conduct; (2) "other individuals" lawsuits for the same conduct; (3) "criminal complaints, created by PPD employees, after an illegal arrest, for the last 10 years" which have been "quashed, dismissed, and the evidence suppressed" due to the same conduct; and (4) "hospitalizations, and even death, caused by unreasonable and excessive force by PPD employees." Mr. Talbert's "facts" are wholly conclusory allegations which

7

fail to establish a custom for unlawful arrests and excessive force. Mr. Talbert fails to establish a custom.

Mr. Talbert also fails to establish the causal link. Mr. Talbert generally and broadly alleges a wide-spread practice of unconstitutional arrests and excessive force. Mr. Talbert fails to make any connection to his purported unconstitutional arrest – i.e. a warrant allegedly based on misinformation and collusion with the issuing judge – or the excessive force purportedly used against him in jail.

Construing Mr. Talbert's complaint liberally, it appears he also tries to argue municipal liability for failure to train or supervise. To state a claim for municipal liability based on failure to train, Mr. Talbert "must demonstrate that a city's failure to train its employees 'reflects a deliberate or conscious choice.'"[50] A plaintiff sufficiently pleads deliberate indifference by showing that '(1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.'"[51] The same wholly conclusory allegations discussed above support this claim. Mr. Talbert fails to plead the elements of deliberate indifference, and his claim for municipal liability based on failure to train fails.

Mr. Talbert similarly fails to state a claim against Mayor Kenney in his official or individual capacity. To the extent Mr. Talbert intends to sue Mayor Kenney in his official capacity, his claim fails for the same reason it fails for the City. But Mr. Talbert does not allege he is suing Mayor Kenney in his official capacity. "Individual capacity claims under section 1983 'seek to recover money from a government official, as an individual, for acts performed under color of state law.'"[52] "A[n individual government] defendant in a civil rights action must have personal

8

involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."[53] Mr. Talbert makes no allegations Mayor Kenney had personal involvement in his arrest or subsequent alleged injuries caused by Sergeant Johnson's excessive force. He fails to state a claim against Mayor Kenney in his individual capacity.

Mr. Talbert's claim against Mayor Kenney as a "supervisory liability" claim also fails. Mr. Talbert fails to allege Mayor Kenney is the supervisor of any of the officer defendants. Even if he did, he would still fail to state a claim. "Supervisory liability is allowed . . . if the plaintiff shows that the supervisors: (1) "established and maintained a policy, practice or custom which directly caused the constitutional harm"; or (2) "they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations."[54] Mr. Talbert fails to allege a policy, practice, or custom and does not allege Mayor Kenney – as supervisor – established and maintained it. Mr. Talbert also fails to allege Mayor Kenney participated in any way in the conduct he purports caused constitutional violations. Mr. Talbert fails to state a claim. He also could not plead facts consistent with Rule 11 which could state a claim at this stage. We dismiss his supervisory liability claims based on excessive force, false arrest, and false imprisonment with prejudice. We dismiss his supervisory liability claim based on malicious prosecution without prejudice should he succeed in his ongoing criminal case.

### 4. Mr. Talbert fails to state a claim for civil conspiracy.

Mr. Talbert alleges Lieutenants Lukach and Anselmo conspired to perform a deficient and corrupt investigation into Sergeant Johnson's use of excessive force. He pleads "Lukach and Anselmo had a public duty, and entrusted with taxpayers money, to investigate and discipline

9

corrupt officers within the PPD . . . [and they] breached that trust and duty, and in doing so, conspired to falsify official government documents, during the Johnson investigation, and cover up Johnson's misconduct."[55] We construe Mr. Talbert's claim as a claim for civil conspiracy to violate his civil rights through the 2019 investigation and alleged excessive force.

Mr. Talbert pleads Lieutenants Lukach and Anselmo conducted their investigation on April 5, 2019.[56] The City issued a letter to Mr. Talbert on September 3, 2019 finding his complaint "not sustained."[57] Civil rights conspiracy claims based on 28 U.S.C. § 1983 have a two-year statute of limitations.[58] The latest Mr. Talbert's claim accrued is September 3, 2019 when Mr. Talbert knew the City found his complaint not substantiated. Mr. Talbert's claim for civil conspiracy to violate his civil rights is facially time-barred by Pennsylvania's two-year statute of limitations.

We dismiss Mr. Talbert's conspiracy claim with prejudice to the extent he focuses on a conspiracy to impose excessive force. We dismiss his conspiracy claim without prejudice to the extent he can later plead facts tolling the statute of limitations on some form of claim relating to the allegedly flawed internal affairs investigation into the excessive force.

### B. Mr. Talbert fails to state a claim for ineffective assistance of counsel against his present criminal defense counsel in the ongoing prosecution.

Mr. Talbert sues his attorney in the ongoing state court criminal cases for ineffective assistance. Mr. Talbert has not been to trial nor has he been convicted.[59] Mr. Talbert is bringing a pre-trial habeas petition alleging ineffective assistance under 28 U.S.C. § 2241(c)(3).[60]

Federal habeas corpus is substantially a post-conviction remedy.[61] While we have jurisdiction to issue a writ of habeas corpus before judgment in the state criminal proceeding, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present."[62] While Section 2241 does not have an exhaustion requirement on its face, courts apply the exhaustion requirement of Section 2254 to Section 2241 challenges.[63]

10

"Exhaustion requires that the state courts be given the opportunity to correct any errors before the federal court reviews a claim. To that extent, a petitioner must invoke 'one complete round of the state's established appellate review process' in order to exhaust his remedies. The claim brought in federal court must be the substantial equivalent of that previously presented in state court."[64] "[J]urisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'"[65]

Mr. Talbert does not allege he exhausted his state court remedies relating to Attorney Sigman's services. He attaches a series of exhibits, including "a motion to withdraw counsel" filed on November 24, 2020 in Philadelphia Court of Common Pleas, but no outcome of the motion, and a "petition for writ of mandamus" filed with the Pennsylvania Supreme Court in July 2021, addressing claims for ineffective assistance of counsel, denial of a speedy trial, and recusal of the then-presiding state court judge. The Pennsylvania Supreme Court's prothonotary issued a letter on August 4, 2021 to Mr. Sigman stating it received Mr. Talbert's petition, but the court cannot accept pro se pleadings while the litigant is represented. Mr. Talbert has not met his burden to show exhaustion.[66]

There are also no extraordinary circumstances warranting pre-trial habeas relief.[67] While, if true, the allegations may give rise to a future claim, Mr. Talbert has not established he will suffer immediate harm or the alleged deficiencies in his state court prosecution cannot be corrected by the Pennsylvania trial or appellate courts.[68] We dismiss his pre-trial habeas claim under 28 U.S.C. § 2241 without prejudice to exhaust his remedies.

### III. Conclusion

Congress requires we screen an incarcerated person's civil rights claims. We liberally construe pro se allegations. We dismiss the incarcerated Charles Talbert's claims for false arrest,

false imprisonment, and excessive force with prejudice consistent with Congress's mandate of dismissal with prejudice. We dismiss his claim for malicious prosecution and ineffective assistance as unripe. We dismiss his civil conspiracy claim relating to the April 2019 internal affairs investigation without prejudice.

---

[1] ECF Doc. No. 1. Mr. Talbert sued "Sergeant Johnson" in March 2019 for his role in the same arrest and post-arrest incident giving rise to this case. *Talbert v. Johnson*, No. 19-1341, ECF Doc No. 1. We dismissed the case without prejudice because Mr. Talbert failed to pay the requisite fees in compliance with our Order. *Id.*, ECF Doc. No. 7.

[2] ECF Doc. No. 1, ¶¶ 20–21.

[3] *Id.* ¶ 23.

[4] *Id.* ¶ 24.

[5] *Id.* ¶ 27.

[6] *Id.* ¶ 28.

[7] *Id.* ¶ 29.

[8] *Id.* ¶¶ 30–31.

[9] *Id.* ¶¶ 33–34.

[10] *Id.* ¶ 32.

[11] *Id.* ¶ 35.

[12] *Id.* ¶¶ 36–37.

[13] *Id.* ¶¶ 38–39.

[14] *Id.* ¶ 40.

[15] *Id.* ¶¶ 41–42.

[16] *Id.* ¶ 43.

---

[17] *Id.* ¶¶ 43–45.

[18] *Id.*

[19] *Id.* ¶¶ 46–54.

[20] *Id.* ¶¶ 48–49, 52–53.

[21] *Commonwealth v. Talbert*, CP-51-CR-0002223-2019; *Commonwealth v. Talbert*, CP-51-CR-0002622-2019 (cases consolidated per Court docket sheet in November 2019), (*https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0002223-2019&dnh=783MDwP1xHIV1p5sHMb%2Frg%3D%3D* and https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0002622-2019&dnh=2hNRhKBLKIrZTDay%2BepKdw%3D%3D), last visited October 5, 2021

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] ECF Doc. No. 1, Count II.

[26] *Id.*, Count III.

[27] *Id.*, Count IV.

[28] *Id.*, Count I.

[29] *Id.*, Count V.

[30] 28 U.S.C. § 1915A.

[31] *Talbert v. Carney*, No. 19-1340, 19-1341, 2019 WL 1516940, at *3 n.19 (E.D. Pa. Apr. 5, 2019). We detailed Mr. Talbert's history of filing complaints while in prison and his status as a "three-strike" plaintiff in our April 5, 2019 memorandum in *Talbert v. Carney*. Nos. 19-1340, 19-1341, 2019 WL 1516940, at *3 n.19 (E.D. Pa. Apr. 5, 2019). Mr. Talbert filed "at least fifty-four lawsuits" in our District by April 2019. *Id.* at *3. He had "at least four" *pro se* complaints dismissed for being frivolous or failing to state a claim from 2013 to 2016. *Id.* We reviewed his April 2019 complaint in *Talbert v. Carney* under Section 1915(g), and required Mr. Talbert plead imminent danger of serious physical injury. *Id.* We declined his motion to proceed *in forma pauperis* because he did not plead imminent danger. *Id.*

He proceeded into discovery on a claim against a prison dentist filed before our April 2019 filing bar in *Talbert v. Correctional Dental Associates*, No. 18-5112. He defeated the dentist's summary judgment motion and then settled and released this claim in exchange for compensation in July

2021 shortly before trial. He now pays the filing fee allowing him to avoid the filing bar under our April 5, 2019 Order in *Talbert v. Carney*.

[32] We dismissed his claims against judges and court officials filed after paying the fees with prejudice in *Talbert v. Evers*, No. 21-2505, 2021 WL 2291351, at *1 (E.D. Pa. June 4, 2021), *adhered to on denial of reconsideration*, 2021 WL 3033772 (E.D. Pa. July 19, 2021). He is appealing our denial claiming we should not have dismissed his frivolous claims against the presiding judge and court administrator with prejudice under Congress's mandate. No. 21-2495 (3d Cir.). We found no basis to allow him to amend his frivolous allegations against the judge and court administrator.

He claims to have paid the fee in this case. But no payment has arrived. We will proceed today relying upon Mr. Talbert's representation but order Mr. Talbert to either promptly show payment or show cause why we should not dismiss under our April 5, 2019 filing bar in *Carney*.

[33] 28 U.S.C. § 1915A(b)(1).

[34] *See Hamm v. Rendell,* 166 F. App'x 599, 602 (3d Cir. 2006) ("Enactment of the PLRA did not alter our long-standing rule that a court should not dismiss a complaint for failure to state a claim without first providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility."); *Lawrence v. City of Lancaster*, No. 21-CV-2706, 2021 WL 3367305, at *4 (E.D. Pa. Aug. 3, 2021); *Minor v. Philadelphia Police Dep't*, No. 21-CV-0518, 2021 WL 3033759, at *3 (E.D. Pa. July 19, 2021); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002); *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004).

[35] ECF Doc. No. 1, ¶ 27 (alleging Detective Carey obtained a defective arrest warrant from the court magistrate in January 2019); *Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("We shall thus refer to [the torts of false arrest and false imprisonment] together as false imprisonment. That tort provides the proper analogy to the cause of action asserted against the present respondents for the following reason: The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*") (emphasis in original); *see also O'Brien v. United States Fed. Gov't,* No. 18-1787, 2018 WL 3649029, at *7 (E.D. Pa. July 31, 2018), *aff'd*, 763 F. App'x 157 (3d Cir. 2019).

[36] *See O'Brien,* 2018 WL 3649029, at *7; *see also Johnson v. United States*, 852 F. App'x 645, 647 (3d Cir. 2021) ("Second, the Magistrate Judge correctly concluded that because Johnson was arrested pursuant to a warrant, his claims for false arrest and false imprisonment were, in essence, malicious prosecution claims. . .").

[37] *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017).

[38] *Heck v. Humphry*, 512 U.S. 477, 489 (1994) ("[A] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor. . .").

[39] ECF Doc. No. 1, ¶ 35.

[40] *Hickox v. Cty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014); *Large v. Cty. of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009).

[41] ECF Doc. No. 1, ¶ 12.

[42] *Id.* ¶ 13.

[43] *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (Section 1983 claims are governing by Pennsylvania's two-year statute of limitations); *see also Frazier v. Penn,* No. 18-CV-4673, 2019 WL 331681, at *5 (E.D. Pa. Jan. 24, 2019).

[44] *Johnson v. City of Philadelphia*, 975 F.3d 394, 403 (3d Cir. 2020).

[45] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[46] *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

[47] *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019).

[48] *Id.* (further citations omitted).

[49] ECF Doc. No. 1, ¶ 12.

[50] *Estate of Roman*, 914 F.3d at 798.

[51] *Id.* (citing *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011)).

[52] *Geiger v. C/O Curry et al.*, No. 21-2244, 2021 WL 4453628, at *5 (E.D. Pa. Sept. 29, 2021) (citing *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988)).

[53] *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

[54] *Geiger*, 2021 WL 4453628, at *7 (finding supervisory liability claim applies when plaintiff seeks to hold a supervisor liable for unconstitutional acts of subordinates).

[55] ECF Doc. No. 1, ¶¶ 64–67.

[56] *Id.* ¶ 43.

[57] *Id.* at 42.

[58] *Little v. City & Cty. of Philadelphia*, No. 07-5361, 2008 WL 2704579, at *3 (E.D. Pa. July 3, 2008).

[59] *Commonwealth v. Talbert*, CP-51-CR-0002223-2019; *Commonwealth v. Talbert*, CP-51-CR-0002622-2019 (cases consolidated).

[60] *See Whitney v. Pennsylvania*, No. 12-6241, 2014 WL 1041405, at *2 (E.D. Pa. Mar. 18, 2014) ("When judgment against a petitioner in state criminal proceedings has not yet been entered and a petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under 28 U.S.C. § 2241, not 28 U.S.C. § 2254 because § 2254 requires that the petitioner be "in custody pursuant to the judgment of a State court" . . . Under 28 U.S.C. § 2241(c)(3), the writ of habeas corpus may extend to a prisoner in pretrial detention if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States.").

[61] *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975).

[62] *Whitney*, 2014 WL 1041405, at *2 (citing *Moore*, 515 F.2d at 442).

[63] *Id.*

[64] *Id.* (internal citations omitted); *see also Evans v. Ct. of Common Pleas, Delaware Cty., Pa.,* 959 F.2d 1227, 1230–31 (3d Cir. 1992)(*"*The exhaustion requirement is satisfied when the state courts have had an opportunity to pass upon and correct alleged constitutional violations. A claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court. A claim is not deemed exhausted if it is raised for the first time in the state's highest court on discretionary review . . . However, a petitioner who has raised the claim on direct appeal need not raise it again in a state post-conviction proceeding . . .Of particular significance to the issue before us is whether the federal claim has been "fairly presented" to the state courts . . . This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts . . . Both the legal theory and the facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available to the state court as will be employed in the federal court. . .").

[65] *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010).

[66] *Whitney*, 2014 WL 1041405 at *6.

[67] *See Lawson v. Warren,* No. CV 21-10732 (RBK), 2021 WL 4206296, at *2 (D.N.J. Sept. 16, 2021) (denying pre-trial habeas relief for ineffective assistance of counsel, amongst other grounds, finding plaintiff "simply attempting to pre-litigate his defenses in this court prematurely"); *Milbourne v. Smith*, No. 20-0012 (NLH), 2020 WL 2744608, at *3 (D.N.J. May 27, 2020), *reconsideration denied*, No. 20-0012 (NLH), 2020 WL 5422821 (D.N.J. Sept. 10, 2020) (finding no extraordinary circumstances for federal intervention in state criminal case when plaintiff brought pretrial habeas on various grounds, including ineffective assistance); *Robinson v. Harper*, No. 20-376, 2020 WL 2573352, at *4 (W.D. Pa. Apr. 28, 2020), *report and recommendation adopted*, 2020 WL 2572261 (W.D. Pa. May 21, 2020) (finding no extraordinary circumstances for pretrial habeas on various grounds, including ineffective assistance of counsel); *Dixon v. Larson*, No. 15-449, 2015 WL 1471263, at *2 (M.D. Pa. Mar. 31, 2015) (finding no extraordinary circumstances for pretrial habeas relief based on various grounds, including ineffective assistance of counsel); *McKnight v. Bishop*, No. 14-603, 2014 WL 1338076, at *2 (M.D. Pa. Apr. 3, 2014) (finding no extraordinary circumstances warranting immediate intervention of federal court but noting assertions regarding ineffective assistance are concerning).

---

[68] *See, e.g. McKnight*, 2014 WL 1338076, at *2.